**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, FOR THE USE OF AMERICAN TRADES CONTRACTING & CONSULTING, LLC, a foreign limited liability company,<br><br>    Plaintiff,<br><br>v.<br><br>CF2 CONSTRUCTION, LLC a foreign limited liability company; CHEROKEE NATION ENVIORNMENTAL SOLUTIONS, L.L.C., a foreign limited liability company; CONTI FEDERAL SERVICES, INC., a foreign for profit business corporation; UNLIMITED CONTRACTORS, LLC, a foreign limited liability company; HARCO NATIONAL INSURANCE COMPANY, a foreign for profit business corporation; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a foreign for profit business corporation; and THE OHIO CASUALTY INSURANCE COMPANY, a foreign for profit business corporation.<br><br>    Defendants. | Case No: 5:25-cv-00885-HE |

**FIRST AMENDED COMPLAINT[1]**

---

[1] This First Amended Complaint is filed without leave of Court as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(B).

The United States of America, for the use and benefit of American Trades Contracting & Consulting, LLC ("Plaintiff") for its First Amended Complaint against Defendants, CF2 Construction, LLC ("CF2 Construction"); Cherokee Nation Environmental Solutions, L.L.C. ("Cherokee Nation"); Conti Federal Services, Inc. ("Conti Federal"); Unlimited Contractors, LLC ("Unlimited Contractors"); Harco National Insurance Company ("Harco"); Travelers Casualty and Surety Company of America ("Travelers"); and The Ohio Casualty Insurance Company ("Ohio Casualty"), alleges as follows:

Plaintiff furnished skilled tradesmen for a construction project at Tinker Air Force Base in Oklahoma County, Oklahoma. This action arises from Unlimited Contractors' failure to pay Plaintiff earned compensation in the principal sum of $916,547.69. Plaintiff seeks payment under the Miller Act and attaches and seeks payment under a private bond. Plaintiff also seeks judgment against Unlimited Contractors for material breach of contract, failure to abide by the terms of its open account, and relief pursuant to the doctrine of *quantum meruit*. Finally, Plaintiff seeks *quantum meruit* damages against Unlimited Contractors and CF2 Construction.

## PARTIES

1. CF2 Construction is a Delaware limited liability company with its principal place of business in Tulsa, Oklahoma. On information and belief, CF2 Construction is a joint venture between Cherokee Nation and Conti Federal.

2. Cherokee Nation is a foreign limited liability company with its principal place of business in Tulsa, Oklahoma.

3. Conti Federal is a foreign limited liability company with its principal place of business in Orlando, Florida.

4. Unlimited Contractors is an Arkansas limited liability company with its principal place of business in Bentonville, Arkansas.

5. Harco is an Illinois company authorized to do business in Oklahoma and issued a payment bond at issue in this case.

6. Travelers is a Connecticut company authorized to do business in Oklahoma and issued a payment bond at issue in this case.

7. Ohio Casualty is a New Hampshire company authorized to do business in Oklahoma and issued a payment bond at issue in this case.

8. Plaintiff is Texas limited liability company with its principal place of business in Dallas, Texas.

## JURISDICTION AND VENUE

9. Jurisdiction of this action is vested in the court under and by virtue of the Miller Act, 40 U.S.C. §§ 3131 *et seq*., and the parties' diversity of citizenship, 28 U.S.C. § 1332.

10. This Court has supplemental subject matter jurisdiction over all claims asserted herein pursuant to 28 U.S.C. § 1367(a).

11. This Court has personal jurisdiction over the parties and venue is proper in this judicial district pursuant to 40 U.S.C. § 3133(b)(3)(B) and 28 U.S.C. § 116 & 1391(b) as the

construction project at issue was located within this district at Tinker Air Force Base, in Oklahoma County, Oklahoma.

## STATEMENT OF FACTS

12. Plaintiff adopts and incorporates by reference the preceding paragraphs.

13. The Miller Act provides that before a contract of more than $100,000.00 is awarded for the construction, alteration, or repair of any public building or public work of the Federal Government, a person must furnish payment bond to the United States of America in an amount the Government considers adequate. 40 U.S.C. § 3131(b).

**Payment Bond 1**

14. On or about September 23, 2022, the United States Army Corps of Engineers awarded contract number W9128V-22-C-0025 (the "Contract") to CF2 Construction for construction at Tinker Air Force Base, Oklahoma County, Oklahoma (the "Project").

15. On October 7, 2022, CF2 Construction, Cherokee Nation and Conti Federal, as principals, executed and delivered their bond to the United States of America, as required by the Miller Act, in the amount of $24,802,205.00 (bond numbers TXHNSU0811222 Harco and 107693056 Travelers) ("Payment Bond 1"). A copy of Payment Bond 1 is attached as Exhibit 1.

16. Payment Bond 1 includes two (2) sureties for the obligation: Harco and Travelers.

**Payment Bond 2**

17. On or about February 13, 2023, CF2 Construction subcontracted a portion of the Contract to Unlimited Contractors.

18. On March 21, 2023, to ensure the faithful performance of Unlimited Contractors' subcontract with CF2 Construction, Unlimited Contractors as principal executed payment bond no. 18L005820 to Cherokee Nation in the amount of $2,000,000.00 ("Payment Bond 2").

19. A copy of Payment Bond 2 is attached as Exhibit 2.

20. The surety for Payment Bond 2 is Ohio Casualty.

**Plaintiff's Performance, Non-Payment, and Compliance with Miller Act**

21. On or about September 25, 2024, Plaintiff and Unlimited Contractors entered into a contract (the "Plaintiff Subcontract") in which Plaintiff agreed to furnish labor to Unlimited Contractors. The Plaintiff Subcontract is attached as Exhibit 3.

22. On October 14, 2024, Plaintiff commenced performance of the Plaintiff Subcontract and furnished electrical labor for the construction project at Tinker Air Force Base, Oklahoma.

23. As its work progressed, Plaintiff regularly submitted payment applications to Unlimited Contractors and provided certified payroll reports to Cherokee Nation.

24. Plaintiff fully paid its Project tradesmen according to the wage rate that Unlimited Contractors directed it to pay.

25. Plaintiff performed its Project work in a timely and workmanlike manner. Unlimited Contractors made no complaints regarding the performance of Plaintiff's tradesmen.

26. There were neither change orders nor amendments to the Plaintiff Subcontract.

27. Unlimited Contractors made an initial payment to Plaintiff of $507,040.36 for work performed on the Project but refused to pay any further earned compensation.

28. Plaintiff made numerous attempts to Unlimited Contractors to gain payment for outstanding invoices.

29. On January 10, 2025, Plaintiff ordered its staff to leave the Project site in response to Unlimited Contractors' failure to pay the outstanding invoices.

30. Later, Unlimited Contractors made another payment to Plaintiff for $688.28 for work performed on the Project.

31. Unlimited Contractors owes Plaintiff the principal sum of $916,547.69:

| | |
|---|---|
| $1,424,276.33 | (amount invoiced and earned by Plaintiff) |
| -$507,728.64 | (payments made by Unlimited Contractors) |
| $916,547.69 | (total principal sum earned and unpaid) |

32. Plaintiff provided bond claim notices to all required parties within 90 days from the date on which it performed the last of the labor or furnished or supplied the last of the material for which the claim is made, as required by 40 U.S.C. § 3133(b).

33. Plaintiff's Notices of Bond Claim identified a principal amount owed of $915,859.41. After submitting the Notices, Plaintiff submitted another invoice to Defendant Unlimited Contractor in the amount of $688.28, bringing the current principal sum earned and unpaid to $916,547.69.

34. Attached as Exhibit 4 is a Schedule of Plaintiff's Invoices for this Project.

35. Plaintiff has complied with all jurisdictional requirements of the Miller Act.

36. Plaintiff last furnished labor on the Project on January 10, 2025. Plaintiff has not been paid in full within 90 days after the day on which the person did or performed the last of the labor or furnished or supplied the material

37. Plaintiff has met the one-year restriction on suit under the Miller Act.

## COUNT 1: VIOLATION OF THE MILLER ACT

38. Plaintiff adopts and incorporates by reference the preceding paragraphs.

39. Payment Bond 1 provides protection to all persons supplying labor and materials in the prosecution of the work provided for in the Contract.

40. Plaintiff supplied labor in the prosecution of the work provided for in the Contract.

41. Plaintiff is within the class of persons that is entitled to protection under the Miller Act.

42. Plaintiff has not been paid in full by CF2 Construction, Cherokee Nation, Conti Federal, Unlimited Contractors, Harco, or Travelers.

43. As principals on Payment Bond 1, Cherokee Nation and Conti Federal should be required to appear herein and establish their position with respect to Plaintiff's Miller Act claim.

44. As principal on Payment Bond 1 and prime contractor on the Contract, CF2 Construction should be required to appear herein and establish its position with respect to Plaintiff's Miller Act claim.

45. The sureties on Payment Bond, Harco and Travelers, are necessary parties to Plaintiff's Miller Act claim.

46. Plaintiff has suffered damages of at least the principal amount of $916,547.69.

47. Plaintiff is entitled to payment under Payment Bond 1.

## COUNT 2: PAYMENT UNDER BOND 2

48. Plaintiff adopts and incorporates by reference the preceding paragraphs.

49. Payment Bond 2 provides protection to all persons supplying labor in "Phase 1" of the construction contract between Cherokee Nation and Unlimited Contractors.

50. Upon information and belief, Plaintiff supplied labor in Phase 1 of the work provided for in the Plaintiff Subcontract.

51. Plaintiff is within the class of persons that are entitled to protection under Payment Bond 2.

52. Plaintiff provided proper notice to Cherokee Nation and Unlimited Contractors under Payment Bond 2.

53. Plaintiff has not been paid in full by Cherokee Nation, Unlimited Contractors or Ohio Casualty.

54. As principal on Payment Bond 2, Unlimited Contractors should be required to appear herein and establish its position with respect to Plaintiff's private bond claim and attachment on Bond 2.

55. The surety Ohio Casualty on Payment Bond 2 is a necessary party to Plaintiff's private bond claim and attachment on Bond 2.

56. Plaintiff has suffered damages of at least the principal amount of $916,547.69.

57. Plaintiff is entitled to payment under Payment Bond 2.

## COUNT 3: BREACH OF CONTRACT (UNLIMITED CONTRACTORS)

58. Plaintiff adopts and incorporates by reference the preceding paragraphs.

59. Plaintiff has fully performed its obligations to Unlimited Contractors under the Plaintiff Subcontract.

60. Unlimited Contractors has materially breached the Plaintiff Subcontract by failing to pay Plaintiff its earned compensation.

61. As a direct result of Unlimited Contractors' breach of the Plaintiff Subcontract, Plaintiff has suffered actual damages in an amount to be determined at trial, but at least $916,547.69 plus interest, as allowed under the Plaintiff Subcontract.

62. Plaintiff is further entitled to an award of its costs and attorneys' fees incurred in prosecuting this claim pursuant to OKLA. STAT. tit. 12, § 936.

## COUNT 4: BREACH OF OPEN ACCOUNT (UNLIMITED CONTRACTORS)

63. Plaintiff adopts and incorporates by reference the preceding paragraphs.

64. Plaintiff has an open account with Unlimited Contractors that has a remaining balance $916,547.69 plus interest.

65. Upon entering into the Plaintiff Subcontract, Unlimited Contractors agreed to pay Plaintiff for the electrical labor supplied at the Project.

66. Plaintiff's charges for its performance under the Plaintiff Subcontract were reasonable.

67. Despite Plaintiff's demands, Unlimited Contractors has failed to tender payment in full on its account with Plaintiff under the terms of the Plaintiff Subcontract.

68. Plaintiff has suffered damages of at least the principal amount of $916,547.69.

69. Pursuant to OKLA. STAT. tit. 12, § 936, Plaintiff is entitled to attorneys' fees and costs.

## COUNT 5: *QUANTUM MERUIT* (UNLIMITED CONTRACTORS)

70. Plaintiff adopts and incorporates by reference the preceding paragraphs.

71. Alternatively, Plaintiff rendered valuable services benefiting Unlimited Contractors.

72. Unlimited Contractors was reasonably notified that Plaintiff expected to be paid for the labor performed by Plaintiff.

73. It would be unjust for Unlimited Contractors to retain the benefit without paying Plaintiff.

74. Therefore, Plaintiff is entitled to recover *quantum meruit* damages from Unlimited Contractors.

### COUNT 6: *QUANTUM MERUIT* (CF2 CONSTRUCTION)

75. Plaintiff adopts and incorporates by reference the preceding paragraphs.

76. Plaintiff rendered valuable services benefiting CF2 Construction as electrical work was part of the Contract's scope.

77. CF2 Construction was reasonably notified that Plaintiff expected to be paid for the labor performed by Plaintiff.

78. It would be unjust for CF2 Construction to retain the benefit without paying Plaintiff.

77. Therefore, Plaintiff is entitled to recover *quantum meruit* damages from CF2 Construction.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

1. Award Plaintiff payment under the Miller Act against Payment Bond 1 in the principal sum of $916,547.69 plus pre-judgment interest, post-judgment interest, and attorneys' fees and costs;

2. Award Plaintiff payment under Payment Bond 2, damages for all claims asserted herein, in an amount to be proven at trial, but at least $916,547.69 plus interest as allowed under the Plaintiff Subcontract, pre-judgment interest, post judgment interest, and attorneys' fees and costs;

3. *Quantum meruit* damages, and

4. Such other relief as the Court deems just and proper.

   Dated: September 2, 2025

Respectfully submitted,


/s/ Patrick H. Lane
Patrick H. Lane, OBA No. 30885
Ball | Morse | Lowe
531 Couch Dr., Suite 201
Oklahoma City, OK 73102
T: 405.701.6977
F: 405.701.2830
plane@bml.law

and


/s/ Gary David Quinnett
Gary David Quinnett, OBA No.14603
Law Offices of Gary David Quinnett, PLLC
9520 North May Avenue, Suite 208
Oklahoma City, OK  73120
T: 405.607.2266
F: 866.728.0676
gary@gq-law.com
***Counsel for Plaintiff***

**<u>JURY TRIAL DEMANDED</u>**

Exhibit 1: Payment Bond 1
Exhibit 2: Payment Bond 2
Exhibit 3: Staffing Contract between Plaintiff and Unlimited Contractors
Exhibit 4: Schedule of Plaintiff's Invoices

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of September, 2025, I filed the foregoing documents with the Clerk of the Court and, on the 3rd day of September, 2025, will serve the attached document by Certified Mail on the following, who are not registered participants of the ECF system:

(1) CF2 CONSTRUCTION, LLC, a foreign limited liability company;
(2) CHEROKEE NATION ENVIORNMENTAL SOLUTIONS, L.L.C., a foreign limited liability company;
(3) CONTI FEDERAL SERVICES, INC., a foreign for profit business corporation;
(4) UNLIMITED CONTRACTORS, LLC, a foreign limited liability company;
(5) HARCO NATIONAL INSURANCE COMPANY, a foreign for profit business corporation;
(6) TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a foreign for profit business corporation; and
(7) THE OHIO CASUALTY INSURANCE COMPANY, a foreign for profit business corporation.


    /s/  Patrick H. Lane